**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**RUSSELL BORTHWICK**,

                        Petitioner

       - v -                                       Civ. No. 9:10-cv-0556
                                                           (NAM/RFT)

**THOMAS LAVALLEY**,

                        Respondents.

**APPEARANCES:**                                 **OF COUNSEL:**

**RUSSELL BORTHWICK**
Petitioner, *Pro Se*
05-B-3082
Clinton Correctional Facility
P.O. Box 2002
Dannemora, NY 12929

**HON. ERIC T. SCHNEIDERMAN**            **THOMAS B. LITSKY, ESQ.**
Attorney General of the State of New York      Assistant Attorney General
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

*Pro se* Petitioner Russell Borthwick brings this Petition for a Writ of *Habeas Corpus,* pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his current incarceration on the grounds that (1) he had ineffective assistance at trial, (2) the trial court wrongfully interjected itself into the jury's deliberations, and (3) the sentence imposed was intended to penalize Petitioner for choosing to proceed to trial rather than accept a plea bargain. Dkt. No. 1. Pet. Respondent opposes the Petition. Dkt. No. 8. Petitioner has filed a Traverse. Dkt. No. 12. For the reasons stated below we recommend that the Petition be **DENIED.**

# I. BACKGROUND

On April 29, 2003, A.B., the then-nineteen year-old daughter of the accused, stated in a deposition that her father had raped her "a few times a month from age eight to age sixteen," and that he had threatened that "if [she] ever told anyone that the abuse would get worse or he would kill [her]." Dkt. No. 6,[1] State Ct. R. (hereinafter "R."), Ex. D, State Ct. R. on Appeal, A.B. Supporting Dep., dated Apr. 29, 2003, at p. R79. On May 20, 2003, investigators went to Petitioner's work place and asked him to accompany them to the police station to discuss an investigation. R., Ex. D, Decision & Order ("D & O"), dated May 13, 2005, at R188. Petitioner left with the investigators voluntarily and while unrestrained, and after having been Mirandized, was told the identity of the alleged victim but not the nature of the investigation. *Id.* at pp. R188–89. Plaintiff then stated "[i]f this is about sex, I deny it." *Id.* at p. R189.

On March 10, 2004, Schoharie County indicted Plaintiff on 101-counts, including multiple counts of rape, sexual abuse, and incest.[2] R., Ex. D, Indictment # 04–14, dated Mar. 10, 2004, at pp. R5–31. On June 7, 2004, Petitioner's counsel made a pre-trial motion, pursuant to N.Y. CRIM. PROC. L. ("CPL") §§ 710.20(3) & 710.70(1), seeking, *inter alia*, dismissal of multiple counts of the indictment and suppression of any involuntary statements Petitioner made to law enforcement. R., Ex. D, Pet'r Pre-Trial Mot., dated June 7, 2004, at pp. R53–55. In opposition, the prosecution argued that "any statements not noticed under CPL § 710.30 should be requested to be precluded,

---

[1] Per the Court's Decision and Order, dated October 21, 2010, the Record in this case has been sealed. Dkt. No. 6.

[2] Specifically Petitioner was indicted on sixteen counts of rape in the first degree (N.Y. PENAL L. ("PL") § 130.35(1)), twelve counts of rape in the first degree (PL § 130.35(3)), three counts of rape in the second degree (PL § 130.30), nine counts of rape in the second degree (PL § 130.30(1)), eight counts of rape in the third degree (PL § 130.25(2)), twelve counts of sexual abuse in the first degree (PL § 130.65(3)), thirty-two counts of incest (PL § 255.25), and nine counts of endangering the welfare of a child (PL § 260.10(1)). R., Ex. D, Summary of Indictment # 04–14, dated Mar. 17, 2004, at p. R31.

not suppressed; and that therefore defendant has waived his rights to preclusion and the notice requirements of CPL § 710.30." R., Ex. D, Resp't Answer, dated Jun. 18, 2004, at p. R93.

Before Petitioner's pre-trial motion was decided, a plea agreement was negotiated whereby, in exchange for pleading guilty to eleven counts of sexual abuse in the first degree (PL § 130.65(3)), Petitioner would be sentenced to six months incarceration, register as a level three sex offender, provide a DNA sample, submit to an order of protection prohibiting him from having any contact with A.B., or A.B.'s mother, and receive a term of supervised release not to exceed ten years. R., Ex. D, Plea Hr'g Tr., dated July 28, 2004, at pp. 106–07. In accordance with that agreement Petitioner admitted to each of the eleven counts as charged and the court temporarily accepted his plea pending the completion of a pre-sentencing investigation. *Id.* at pp. 123–30. However, on January 5, 2005, the court determined that it could not impose the negotiated sentence because, despite having admitted his guilt to the court while under oath, Petitioner maintained his innocence during the pre-sentencing investigation, and the victim was not amenable to the proposed disposition. R., Ex. D, Sentencing Hr'g Tr., dated Jan. 5, 2005, at pp. R135–37. Petitioner withdrew his plea of guilty and entered a plea of not guilty. R., Ex. D, Hr'g Tr., dated February 9, 2005, at p. 142.

On April 11, 2005, in a decision partially granting Petitioner's pre-trial motion, the court dismissed ninety-three of the one hundred and one counts in the indictment. *See generally* R. Ex. D, Dec. & Order, dated Apr. 11, 2005, at pp. R146–R156b. On May 6, 2005, a *Huntley* hearing[3] was held. R. Ex. D, *Huntley* Hr'g Tr., dated May 6, 2005, at pp. 169–87. Petitioner's counsel – citing *inter alia,* the two-year delay between the time Petitioner made the "I deny it" statement and

---

[3] *See People v. Huntley*, 204 N.E.2d 179, 183 (N.Y. 1965) (adopting a procedure for providing a separate hearing about the voluntariness of a confession to be offered in evidence against a defendant at his or her trial).

the day he received notice of the prosecution's intent to offer the statement at trial– argued that his pre-trial motion for suppression should be converted into a motion to preclude, or that alternatively he should be permitted to withdraw his earlier motion to suppress and submit a new motion to preclude.[4] *Id.* at pp. R162–63. Nonetheless, the court held that because Petitioner made a pre-trial motion to suppress he had waived his right to preclusion and notice under CPL § 710.30. *Id.* at pp. R165–66. Moreover, the court found that the statement was voluntary, and denied Petitioner's motion to suppress. R., Ex. D. at pp. R188–89.

On June 13, 2005, Petitioner was tried on eight counts, including four counts of rape in the first degree (PL §§ 130.50(1) & 130.50(3)), two counts of sexual abuse in the first degree (PL § 130.65(3)), and two counts of incest (PL § 255.25). Dkt. No. 6, Trial Tr. at pp. 252–55. After the conclusion of testimony Petitioner's counsel successfully moved to dismiss both counts of sexual abuse in the first degree. *Id.* at pp. 384–85. Thereafter, the jury found Petitioner guilty on all four counts of rape in the first degree and both counts of incest. *Id.* at pp. 489–90.

On July 20, 2005, Petitioner's counsel moved, pursuant to CPL §§ 330.30, 330.40, & 330.50, to set aside the verdict, *inter alia,* on the ground that the jury was rushed into making a decision by the judge. R., Ex. D, Mot., dated July, 20 2005, at p. R190; Brian W. Devane, Aff., dated July 20, 2005, at pp. R193–95. That motion was denied. R., Ex. D, Dec. & Order, dated Sep. 6, 2005, at p. 213. On October 19, 2005, Petitioner was sentenced to an aggregate of sixteen and two-thirds to fifty (16 & 2/3 – 50) years of imprisonment, a three-year order of protection following release, and mandatory registration as a sex offender. R., Ex. D., Sentencing Hr'g Tr., dated Oct. 19, 2005, at pp. 225–28.

---

[4] Petitioner's counsel sent a letter to the court prior to the *Huntley* hearing requesting the same. R. on Appeal at p. R156a, Lt., dated May 4, 2005.

On direct appeal Petitioner moved to set aside his conviction on the grounds that (1) his conviction was not supported by the weight of the evidence; (2) he was denied effective assistance of trial counsel because counsel failed to (a) file a motion to preclude, (b) have Petitioner testify, and (c) provide meaningful representation in the totality of the circumstances; and (3) the judge inserted himself into the jury's deliberations and rushed the jury into reaching a verdict. *See generally* R. at Ex. A, Pet'r Appellate Br. On, May 15, 2008, the New York Supreme Court, Appellate Division, Third Department, affirmed the conviction. *See People v. Borthwick*, 857 N.Y.S 2d 358 (N.Y. App. Div., 3d Dep't., 2008).

On June 17, 2008, Petitioner applied for leave to appeal the Appellate Division's ruling, in pertinent part, on the grounds that Petitioner's trial counsel was ineffective for filing a motion to suppress rather than a motion to preclude. *See generally* R. at Ex. F, Pet'r Lt-Appl., dated June 17, 2008; Pet'r Mem. of Law. pp. 3–5. That application was denied on August 15, 2008. *People v. Borthwick*, 894 N.E.2d 657 (N.Y. Ct. of App. 2008).

Additionally, Petitioner filed a motion to vacate, and an amended motion to vacate, pursuant to CPL § 440.10, which were then consolidated into a single § 440 motion by the county court. *See* R. at Ex. M, Lt., dated Sep. 30, 2009. In that combined motion, Petitioner argued, in pertinent part, that the Appellate Division's decision should be vacated on the grounds that (1) Petitioner received ineffective assistance of counsel due to trial counsel's failure to present an expert medical witness, or object to the court's statements to the jury during deliberations; and (2) the trial court imposed an excessively harsh sentence in order to penalize Petitioner for exercising his right to proceed to trial rather than accepting a plea bargain. *See generally* R. at Exs. I, Pet'r Mot., & K, Pet'r Am. Mot. (hereinafter collectively "consolidated § 440 mot"). The consolidated § 440 motion was

denied. R. at Ex. N, Dec. & Order, dated Dec. 18, 2009.

On January 7, 2010, Petitioner applied, pursuant to CPL § 460.15, to the Appellate Division for leave to appeal the denial of his consolidated § 440 motion, on the grounds that the additional issues relating to ineffective assistance of counsel that he raised in his consolidated § 440 motion, "could not have been raised . . . [at] trial or . . . [on] direct appeal." R. at Ex. O, Pet'r Appl. for Leave to Appeal, dated Jan. 7, 2010. That motion was denied on February 16, 2010. R. at Ex. P, Order, dated Feb. 16, 2010.

The instant Petition was filed on May 7, 2010. Respondent concedes that the Petition is timely and that Petitioner fully exhausted his claims regarding ineffective assistance of trial counsel, but not his other claims. Resp't Opp'n at pp. 12–16.

## II. DISCUSSION

### A. Exhaustion

Respondent contends that Petitioner has failed to exhaust, and is now procedurally barred from raising, his claims that (1) the sentencing judge coerced or otherwise rushed the verdict, and (2) an excessive sentence was imposed upon him because he opted to proceed to trial rather than accept a plea agreement. Resp't Opp'n at pp. 12–16. We agree that these claims are unexhausted and procedurally barred, and therefore recommend that the Petition be **DENIED** as to these grounds.

A state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for *habeas corpus*. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement with respect to a claim, a defendant must "present the substance of 'the same federal constitutional claims'" to the state courts "'that he now urges upon the federal courts[.]'" *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (internal quotation

marks omitted) (quoting *Turner v. Artuz*, 262 F.3d 118, 123-24 (2d Cir. 2001)). "A federal constitutional claim has not been fairly presented to the State courts unless the petitioner has informed those courts of 'all of the essential factual allegations' and 'essentially the same legal doctrine he asserts in his federal petition.'" *Strogov v. Attorney Gen. of New York*, 191 F.3d 188, 191 (2d Cir. 1999) (citing *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191–92 (2d Cir. 1982) (further citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)). Additionally, "[s]tate remedies are [not] deemed exhausted [until] a petitioner has . . . presented the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts)." *Ramirez v. Attorney Gen. of New York*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. at 276–77 & *Daye v. Attorney Gen. of the State of New York*, 696 F.2d at 191–92).

Petitioner first raised his verdict claim in his motion to set aside the verdict pursuant to CPL §§ 330.30, 330.40, & 330.50. R., Ex. D, Mot., at pp. R190; Devane, Aff., at R193–94. That motion was denied.[5] R., Ex. D., Dec. & Order, at p. 213. Petitioner next raised his verdict claim in his direct appeal. R. at Ex. A, Pet'r Appellate Br. at pp. 39–41. The Appellate Division affirmed his conviction on the ground that his claim was meritless. *People v. Borthwick*, 857 N.Y.S.2d at 363. Although Petitioner applied to the New York Court of Appeals for leave to appeal the Appellate Division's decision, he did not re-raise the verdict claim in that application. *See generally* R. at Ex. F, Pet'r Lt-Appl.; Pet'r Mem. of Law, at pp. 3–5. Having failed to present this claim to the New

---

[5] Although there is no direct appeal from a denial of a CPL § 330 motion to set aside a verdict, a defendant is free to raise the same issues on direct appeal; therefore, a claim raised in a motion to set aside a verdict is not exhausted until a petitioner completes his direct appeal and application for leave to appeal to the New York Court of Appeals. *See Hill v. Snow*, 590 F. Supp. 1157, 1160 n.4 (S.D.N.Y. 1984) (citing, *inter alia*, *People v. Pollock*, 110 N.Y.S.2d 12, 12–13 (N.Y. App. Div., 1st Dep't 1979)).

York Court of Appeals, Petitioner has failed to exhaust it.[6]  *See Ramirez v. Attorney Gen. of New York*, 280 F.3d at 94; *see also O'Sullivan v. Boerckel*, 526 U.S. at 842.

Similarly, Petitioner raised his excessive sentence claim for the first time in his consolidated § 440 motion.  *See* R. at Ex. I, Pet'r Mem. of Law at pp. 11–13.  That claim was denied as procedurally barred, pursuant to CPL §§ 440.10(2)(c) & 440.10 (3)(a), because the claims raised by Petitioner either were raised on direct appeal, or should have been.  R. at Ex. N, at pp. 4–5.  Petitioner filed for leave to appeal the denial of his consolidated § 440 motion, however, he did not raise his vindictive sentence claim in his application for leave to appeal.  *See generally* R. at Ex. O, Pet'r Mem. of Law.  Therefore, Petitioner failed to raise this claim to the highest state court available – in this instance the Appellate Division –[7] and thus this claim is unexhausted as well.  *See Ramirez v. Attorney Gen. of New York*, 280 F.3d at 94; *O'Sullivan v. Boerckel*, 526 U.S. at 842; *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (noting that a *habeas* petitioner meets the technical requirements for exhaustion when "there are no state remedies any longer 'available' to him.") (quoting 28 U.S.C. § 2254(b) & citing *Engle v. Isaac*, 456 U.S. 107, 125–26, n. 28 (1982)).

Moreover, when, as here, "it is clear that the unexhausted claim is procedurally barred by state law and . . . its presentation in the state forum would be futile[,]" *Aparicio v. Artuz*, 269 F.3d

---

[6] We note that Petitioner raised a claim of ineffective assistance of counsel in his consolidated § 440 motion to vacate based on his counsel's failure to object when the county court judge allegedly "pressured the [j]ury into reaching a verdict[.]" R. at Ex. I, Pet'r Mem. of Law at p. 6. However, a claim that a verdict was coerced by the actions of the presiding judge is not the "substantial equivalent" of an ineffective assistance of counsel claim. *See Picard v. Connor*, 404 U.S. at 278. Nor are the two claims based on "essentially the same legal doctrine[.]" *See Daye v. Attorney Gen. of New York*, 696 F.2d at 191–92. Therefore, it cannot be said that Petitioner fairly presented or exhausted this claim through his consolidated § 440 motion.

[7] Here, the highest state court Petitioner could seek relief from was the Appellate Division. *See Klein v. Harris,* 667 F.2d 274, 283–84 (2d Cir. 1981) ("Under N.Y. Crim. Proc. Law § 450.90, no appeal to the New York Court of Appeals lies from an order denying a motion for leave to appeal to the Appellate Division. Thus once the Appellate Division denied Klein leave to appeal the denial of his section 440.10 motion, he had reached 'the end of the road within the state system.'") (citing *People v. Williams*, 342 N.Y.S.2d 75, 76 (N.Y. App. Div. 2d Dep't 1973)) (quoting *U. S. ex rel. Graham v. Mancusi*, 457 F.2d 463, 467 (2d Cir. 1972)).

at 90, a district court may deem such claim exhausted but also procedurally defaulted, *Bossett v. Walker*, 41 F.3d 825, 828-29 (2d Cir. 1994). Petitioner is barred from returning to state court to present his verdict claim because he has already used up his one opportunity to appeal directly to the Court of Appeals. *See Aparicio v. Artuz*, 269 F.3d at 91 (finding that a petitioner is "entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals . . . [and] New York does not otherwise permit collateral attacks on a conviction when the defendant unjustifiably failed to raise the issue on direct appeal.") (citing CPL §§ 450.10(1) & 440.10(2)(c), & N.Y. Court R. § 500.10(a)). Likewise, Petitioner is also barred from raising his sentencing claim because he already applied for leave to appeal the denial of his consolidated § 440 motion to the Appellate Division once, and is not entitled to another. *See Diaz v. Mantello*, 115 F. Supp. 2d 411, 414 (S.D.N.Y. 2000) (holding that under CPL § 460.15 a petitioner is "permitt[ed] only one application to appeal denial of a CPL § 440.10 motion"). Therefore, we recommend that these claims be deemed exhausted and procedurally defaulted.

Where a prisoner has defaulted on his federal claims in state court, a district court may reach the merits of such claims only upon a demonstration of "cause for the default and actual prejudice[,]" or that a "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750. To establish "cause" sufficient to excuse a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with the relevant procedural rule. *Id.* at 753; *see Restrepo v. Kelly*, 178 F.3d 634, 639 (2d Cir. 1999). Examples of external factors include "interference by officials," ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial or on direct appeal. *Murray,* 477 U.S. at 488; *Bossett v. Walker*, 41 F.3d at 829 (quoting

*Murray v. Carrier*); *United States v. Helmsley*, 985 F.2d 1202, 1206 (2d Cir. 1993).

Although in his Traverse Petitioner acknowledged Respondent's assertions that both of these claims were unexhausted and procedurally barred, he did so in a wholly conclusory manner, providing no additional information that could establish either cause or prejudice for the default. Traverse at pp. 6–7. When, as here, a petitioner has failed to establish adequate cause for his procedural default, the court need not determine whether he suffered prejudice, since federal *habeas* relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Stepney v. Lopes*, 760 F.2d 40, 44–45 (2d Cir. 1985); *Long v. Lord*, 2006 WL 1977435, at *6 (N.D.N.Y. Mar. 21, 2006).

Moreover, Petitioner has also failed to demonstrate that failure to review this claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 748–50. A fundamental miscarriage of justice "occurs only in those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Rodriguez v. Mitchell*, 252 F.3d 191, 204 (2d Cir. 2001) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (internal quotation marks omitted). In order to succeed a petitioner must present "'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.' . . . [then] the habeas court must determine whether the new evidence is trustworthy by considering it both on its own merits and, where appropriate, in light of the pre-existing evidence in the record." *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (quoting *Schulp v. Delo*, 513 U.S. 298, 324 & 327–28 (1995) (internal quotation marks omitted)). "In evaluating the record as a whole, the habeas court may make its own credibility determinations as to both the new evidence and the evidence already in the record that

may be thrown into doubt by the new material." *Id.* at 163 (citing *Schulp v. Delo,* 513 U.S. at 330). Finally, taking into account all of the evidence, the court must determine "'not merely whether a reasonable doubt exists in light of the new evidence,' but rather whether it is more likely than not 'that no reasonable juror would have found the defendant guilty.'" *Id.* (quoting *Schulp v. Delo,* 513 U.S. at 333).

Here, Petitioner has claimed that he is actually innocent of the crimes for which he was convicted. Traverse at p. 4. In support of this contention he claims that had he been allowed to explain the context in which he made the statement "[i]f this is about sex, I deny it," to the jury, they would have learned of his innocence. *See* Pet. at ¶ 12A; Pet'r Mem. of Law at pp. 11–13; Traverse at p. 5. However, Petitioner has not provided any details of the testimony which he would have given had he been allowed to testify. Not only does this make it impossible to adjudge the reliability of such testimony, it is also difficult to know whether the testimony would even constitute "new" evidence.

Moreover, even if he were able to establish, as he claims that "the prejudicial procedure followed by the Court, pressured the jury into reaching a decision and prevented discussions that *may have* led to a different verdict[,]" such a showing would fall woefully short of what is required under the appropriate standard. Pet'r Mem. of Law at p. 15 (emphasis added). The question to be answered is not whether without the trial court's interference with the jury "may" have reached a different verdict, but rather, Petitioner must show that without the interference of the trial court, "it [was] *more likely than not* 'that no reasonable juror would have found the defendant guilty.'" *Doe v. Menefee*, 391 F.3d at 163 (emphasis added).

Thus, Petitioner has failed to establish that the failure to consider these procedurally

defaulted claims would result in a miscarriage of justice. Therefore, we recommend that the Petition be **DENIED** as to these grounds.

### B. Independent and Adequate State Grounds

Respondent argues that Petitioner's claim that his counsel was ineffective for failing to call an expert medical witness is barred from federal *habeas* review because it was initially decided in state court on an independent and adequate state ground. Resp't Opp'n at pp. 21–23. We agree, and therefore we recommend that the Petition be **DENIED** as to this ground.

Federal *habeas* review of a state court conviction is prohibited if the state court rested its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. at 729 (citations omitted); *see also Harris v. Reed*, 489 U.S. 255, 261–62 (1989); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. at 729 (citation omitted). The independent and adequate state ground doctrine is jurisdictional, thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of federal claims in a *habeas* petition. *Harris v. Reed*, 489 U.S. at 264 n.10.

Here, Petitioner did not raise this claim on his direct appeal. *See* R. at Ex. A, Pet'r Appellate Br. Petitioner raised it for the first time in his consolidated § 440 motion. *Id.* at Ex. I, Pet'r Mem. of Law, at p. 3. The county court, citing, *inter alia,* CPL §§ 440.10(2)(c), denied Petitioner's consolidated § 440 motion, *inter alia*, on the grounds that the claim "pertain[ed] to claimed errors that could have been raised either during the trial prior to sentence or in the context of defendant's

direct appeal." *Id.* at Ex. N, Mem. D & O, at pp. 4–5. The Second Circuit has held that "[w]here the basis for a claim of ineffective assistance of counsel is well established in the trial record, a state court's reliance on [CPL §440.10] subsection (2)(c) provides an independent and adequate procedural bar to federal habeas review." *Murden v. Artuz*, 497 F.3d 178, 196 (2d Cir. 2007) (citing *Sweet v. Bennett,* 353 F.3d 135, 140 (2d Cir. 2003)); *see also Reyes v. Keane*, 118 F.3d 136, 139 (2d Cir. 1997). Here, the fact that no witnesses were called is readily apparent from the face of the record. Indeed, Petitioner's counsel did not call any witnesses, let alone a medical expert. *See* Trial Tr. at p. 376. Therefore, the denial was based on an independent and adequate state ground.

Where a prisoner has defaulted on his federal claims in state court, a district court may reach the merits of such claims only upon a demonstration of "cause for the default and actual prejudice[,]" or that a "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. at 750. Setting aside the issue of cause, we note that here Petitioner cannot establish that "actual prejudice resul[ted] from the alleged constitutional violation" at issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (citations omitted). Petitioner claims he was prejudiced because "Counsel failed to call any medical experts to challenge and rebut the People's [medical exhibits and records], which were used against the Petitioner at trial." Pet'r Mem. of Law at p. 10. However, these documents were never actually entered into evidence. Trial Tr. at pp. 280–86. Moreover, the prosecution did not call any expert medical witnesses of their own in this case, therefore no rebuttal expert testimony was necessary. *See Lindstadt v. Keane*, 239 F.3d 191, 202 (2d Cir. 2001) (determining that failure to call a medical expert was ineffective assistance in light of the fact that the prosecution had presented expert or medical testimony against the accused); *see also Pavel v. Hollins*, 261 F.3d 210, 223 (2d. Cir. 2001). Nor has Petitioner pointed out exactly

*-13-*

how calling a medical expert would have altered the outcome of this case.

Therefore, Petitioner cannot establish prejudice because there is nothing to indicate that the results of Petitioner's trial would have differed in the event Petitioner had called a medical expert. Thus, we need not determine whether he had cause for the procedural default since Petitioner cannot succeed without establishing both cause and prejudice. *Stepney v. Lopes*, 760 F.2d at 44–45; *Long v. Lord*, 2006 WL 1977435, at *6.

Petitioner has also failed to establish that failure to consider this procedurally defaulted claim would lead to a "miscarriage of justice." *See Rodriguez v. Mitchell*, 252 F.3d at 204. Petitioner's claim that had counsel allowed Petitioner's medical expert to testify, the jury "would have had a reasonable doubt as to Petitioner's guilt[,]" is facially deficient. *See* Traverse at p. 4. Even if Petitioner could prove that the medical expert's testimony would have given the jurors "a reasonable doubt" as to his guilt, he would still have fallen far short of meeting his burden to show that it is more likely than not that no reasonable juror would have convicted him. *See Doe v. Menefee*, 391 F.3d at 163.

Therefore, because this claim is procedurally barred and Petitioner cannot overcome the default, we recommend that the Petition be **DENIED** as to this ground.

### C. Effectiveness of Counsel

Petitioner argues that his trial counsel was constitutionally ineffective. Specifically he claims that his counsel should have filed a motion to preclude, rather than a motion to suppress, the statements Petitioner made to police, and he denied Petitioner the right to testify at trial. Pet. at ¶

12(A). As both of these claims were determined on the merits[8] we must review Petitioner's claims under the "highly deferential standard" of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Mosby v. Senkowski*, 470 F.3d 515, 519 (2d Cir. 2006) (citing *Eze v. Senkowski,* 321 F.3d 110, 112 (2d Cir. 2003)).

Under the AEDPA, a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006); *DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Miranda v. Bennett*, 322 F.3d 171, 177–78 (2d Cir. 2003); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d at 66; *Boyette v. Lefevre*, 246 F.3d at 88 (quoting 28 U.S.C. § 2254(e)(1)) (internal quotations omitted).

---

[8] The Appellate Division determined that "[d]efendant's complaints regarding counsel's representation have been reviewed and simply fail to establish that defendant was denied meaningful assistance of trial counsel." *People v. Borthwick*, 857 N.Y.S.2d at 362. Thus these claims were decided upon the merits. *See Eze v. Senkowski*, 321 F.3d 110, 122 (2d Cir. 2003) (explaining that a determination of whether a claim has been decided upon the merits is a slight burden, indeed a "state court need only dispose of the petitioner's federal claim on substantive grounds, and reduce that disposition to judgment. No further articulation of its rationale or elucidation of its reasoning process is required.") (internal quotations and citations omitted).

*-15-*

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> Under AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: (1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? (2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? (3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v.Taylor*, 529 U.S. 362, 411 (2000); *Francis S. v. Stone*, 221 F.3d 100, 108–09 (2d Cir. 2000)).

Here, the Appellate Division applied New York's standard for ineffective assistance of counsel as established in *People v. Baldi*, 429 N.E.2d 400 (N.Y. Ct. of App. 1981). *See People v. Borthwick*, 857 N.Y.S.2d at 362. The Second Circuit has clearly established that the standard established by New York in *People v. Baldi*, "is not contrary to the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)][9] test for purposes of § 2254(d)(1))." *Eze v. Senkowski*, 321 F.3d at 124 (citing *Loliscio v. Goord*, 263 F.3d 178, 192–93 (2d Cir. 2001)).

To establish ineffective assistance of counsel under *Strickland*, a *habeas* petitioner must show 1) counsel's representation "fell below an objective standard of reasonableness" measured by the prevailing professional norms; and 2) prejudice, i.e., there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 688 & 694 (cited in *Bell v. Cone*, 535 U.S. 685, 695 (2002)); *see also Aeid v. Bennett*, 296 F.3d 58, 62–63 (2d Cir. 2002); *see also Brown v. Artuz*, 124 F.3d 73, 79–80 (2d Cir. 1997); *see also Rattray v. Brown*, 261 F. Supp. 2d 149, 157 (E.D.N.Y. 2003). In

---

[9] In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in *Strickland* qualifies as 'clearly established Federal law[.]'" 529 U.S. 362, 391 (2000) (internal quotation marks omitted); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir. 2001).

determining the reasonableness of counsel's conduct courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. at 669.

Here, Petitioner alleged that

> [t]here was no strategic reason for counsel's filing a motion to suppress instead of a motion to preclude. Without this statement at trial, the evidence against the Petitioner depends solely on his daughter's testimony and would have been very weak because of the many contradictions found in her testimony and there is a reasonable probability that the jury's verdict would have been different had trial Counsel not been ineffective.

Pet'r Mem. of Law at pp. 7–8.

The Appellate division rejected this notion, finding instead that counsel's assistance was not ineffective in this regard. *People v. Borthwick*, 857 N.Y.S.2d at 362–63. Furthermore, a review of the Appellate Division's analysis reveals that the court properly took into account the circumstances as faced by Petitioner's counsel at the time he made the motion. *See Strickland v. Washington*, 466 U.S. at 669 (courts must assess the strategic decisions of counsel without the benefit of hindsight, instead reaching a determination based on the facts as available to counsel at the time of the decision). Here, the Appellate Division concluded that counsel's decisions were made in light "of the obvious impact the statement would have on defendant's position at trial[,]" and that counsel provided adequate assistance despite being "faced with a difficult choice." *People v. Borthwick*, 857 N.Y.S.2d at 362. As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable." *Strickland v. Washington*, 466 U.S. at 690–91.

Thus, under the circumstances we are not prepared to say that the Appellate Division's decision was based on an unreasonable or improper application of the *Strickland* standard. Having

found no indication that counsel was ineffective we need not, and do not, consider what if any prejudice resulted from counsel's actions. *See Strickland v. Washington*, 466 U.S. at 697 (holding that courts need not address both components of the *Strickland* test if a petitioner fails to establish either one).

Likewise, the Appellate Division's analysis of Petitioner's remaining claim was equally reasonable and proper. The Appellate Division rejected Petitioner's claims that counsel's failure to have defendant testify at trial rendered his assistance ineffective. In reaching their decision the Appellate Division noted that

> the decision whether a defendant will testify at trial is a strategic one to be made by defendant in consultation with counsel. . . . Moreover, defendant had testified before the grand jury and much of his testimony in that proceeding was established through the introduction of other evidence at trial . . . [And] that defendant's grand jury testimony was riddled with inconsistencies with other testimony before the grand jury which, if fully developed at trial, could well have had an adverse impact upon his credibility.

*People v. Borthwick*, 857 N.Y.S.2d at 362–63 (internal citations omitted).

Again the Appellate Court's analysis properly takes into account the considerations that Petitioner's attorney would have weighed when deciding whether to put the Petitioner on the stand. Indeed, in keeping with the logic of the Appellate Division's analysis, Petitioner's counsel's choice to extract key evidence from sources other than the Petitioner appears patently reasonable. Particularly in light of the potential credibility issues presented by the inconsistencies in Petitioner's grand jury testimony. Moreover, Petitioner plainly states that "[h]is attorney advised him not to testify and Petitioner did not testify based on his attorney's advice." Pet'r Mem. of Law at p. 12. Tellingly, Petitioner does not argue that his counsel forced him not to testify or misled him as to his right to testify.

Therefore, because we have found that the Appellate Division properly applied the correct

*-18-*

constitutional standard to Petitioner's ineffective assistance of counsel claims, we recommend that the Petition be **DENIED** as to these grounds.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** in its entirety; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 1, 2014
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge